(15 Misc. Rep. 103.)

### BOYDEN v. BALDWIN et al.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

1. CONTRACT—VALIDITY—RESTRAINT OF TRADE.
    A contract for the payment of commissions on all sales made by defendants to customers introduced by plaintiff, though not limited as to time, is not void as being in restraint of trade.

2. TRIAL—REJECTION OF EVIDENCE—HARMLESS ERROR.
    The exclusion of testimony that a certain person who appeared to have knowledge of the facts was unfriendly to defendants, and would be biased if called as a witness in their behalf, was without prejudice where such person was not offered as a witness by plaintiff.

Appeal from city court, general term.

Action by Frederick A. Boyden against Austin P. Baldwin and others. From a judgment of the city court (34 N. Y. Supp. 19) affirming a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Steele, for appellants.
Samuel G. Adams, for respondent.

BISCHOFF, J. The plaintiff sued for and recovered certain commissions under a contract providing for compensation at a stated percentage upon all sales made by the defendants to customers originally introduced by such plaintiff, a broker. That this contract was made, and that the commissions thereunder were earned, is matter which the record supports; but it is contended that there was a failure of proof, in that the continuing influence of the broker upon these customers had not been shown. At the outset it is to be noted that any such requirement was omitted from the contract; but it is urged that an agreement without an implied condition of this nature should be condemned, and held void as in restraint of trade. We fail to find force in the argument. The general business of the defendants was in no wise restrained by this agreement. Were the payment of the broker's commissions upon the sales in question to result in an unprofitable transaction, the trade might well, indeed, have been diverted to other customers of that firm, but it was certainly not to be restricted to those introduced by the plaintiff. The defendants had their remedy if it was not found expedient to make sales upon which this plaintiff might claim commissions. The contract was actually made in the furtherance of trade, and if thereby the defendants' profits in certain instances suffered a decrease, there was in no aspect a general restriction such as is alone now frowned upon, in the interests of public policy. 2 Pars. Cont. (7th Ed.) p. 887 et seq. Certain authorities are relied upon by the appellants in support of a contrary view, but they are in no case found to be controlling upon this court, nor are they persuasive. Further, a recovery under a similar contract was lately upheld, by this general term, in Everitt v. Publishing Co. (Com. Pl.; Dec. 2, 1895) 35 N. Y. Supp. 1097.

It is next claimed that the court below erred in denying the defendants' motion for a submission to the jury of the question whether or not this contract was actually made; but both sides had so moved that the questions at issue were left for the determination of the court, and while defendants' counsel, after denial of his motion for the direction of a verdict, moved for the submission of this question, the request was coupled with the further proposition that the jury determine as to the plaintiff's continuing influence over the particular customers to whom sales were made, and one exception was taken to the denial of the motion. As we have said, the last question was not in the case, and the general request, as framed, was properly denied.

The remaining point in the case deals with the ruling of the trial court excluding evidence whereby the defendants sought to show that one Seymour, an ex-member of their firm, was unfriendly to them, and would therefore be biased if called as a witness in their behalf. It appeared that Seymour had knowledge as to the facts touching the making of the contract in suit, but it was equally clear that the plaintiff could have subpœnaed him as well as the defendants, and hence any inference which might have been drawn from the parties' failure to produce the witness was necessarily as unfavorable to one side as to the other. While the defendants' evidence, at best, would have supported the probability that the testimony of such witness would have been favorable to the plaintiff, the latter's failure to call for that testimony in his own behalf was quite as strong in refutation of the fact. It is impossible to see how this ruling worked any prejudice to the appellants, and we would not be justified in disturbing the result reached below upon this ground.

The judgment should be affirmed, with costs. All concur.